## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __BENNETT__        __DAVID__        __S.__
        (Last)            (First)          (Initial)

Prisoner Number _____E39886_____

Institutional Address 900 Quebec ave.   P.O. Box 5242  B1-136up

_____

============================================================

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

**SBA**

·DAVID SHAUN BENNETT   ·   )
(Enter the full name of plaintiff in this action.)   )

**CV** )  **08**      **2792**

                          )   Case No. _____
           vs.            )   (To be provided by the clerk of court)
                          )
KEN CLARK Warden, et. al. )
_____)   PETITION FOR A WRIT **(PR)**
                          )   OF HABEAS CORPUS
_____)
                          )
_____)   **E-filing**
                          )
_____)
                          )
(Enter the full name of respondent(s) or jailor in this action)   )
                          )
_____

============================================================

### Read Comments Carefully Before Filling In

#### When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS            - 1 -

1   <u>Who to Name as Respondent</u>

2          You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6          If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11          1. What sentence are you challenging in this petition?

12          (a)     Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14  <u>Santa Clara County Superior Court</u>        <u>San Jose</u>

15          Court                                   Location

16          (b)     Case number, if known <u>133715</u>

17          (c)     Date and terms of sentence <u>November 29, 1989,  25 years to life</u>

18          (d)     Are you now in custody serving this term? (Custody means being in jail, on

19                  parole or probation, etc.)        Yes <u>X</u>     No _____

20          Where?

21          Name of Institution: <u>California Substance Abuse Treatment Facility</u>

22          Address: <u>900 Quebec ave.    P.O. Box 5242 B1-136up</u>

23          2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>Murder 1st degree with use of weapon  187 p.c. & 12022.5 p.c.</u>

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                        Yes __X__     No _____

    Preliminary Hearing:            Yes __X__     No _____

    Motion to Suppress:            Yes _____     No __X__

4. How did you plead?

    Guilty __X__     Not Guilty _____     Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____     Judge alone _____     Judge alone on a transcript _____

6. Did you testify at your trial?           Yes _____     No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes __X__     No _____

    (b)    Preliminary hearing     Yes __X__     No _____

    (c)    Time of plea           Yes __X__     No _____

    (d)    Trial                  Yes _____     No _____

    (e)    Sentencing            Yes __X__     No _____

    (f)    Appeal               Yes _____     No _____

    (g)    Other post-conviction proceeding     Yes _____     No _____

8. Did you appeal your conviction?         Yes _____     No _____

    (a)    If you did, to what court(s) did you appeal?

         Court of Appeal           Yes __X__     No _____

         Year: 4-19-91     Result: petition denied _____

         Supreme Court of California     Yes _____     No _____

         Year: _____     Result: _____

         Any other court            Yes _____     No _____

         Year: _____     Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS       - 3 -

1    petition?                                              Yes_____    No _X_

2    (c)    Was there an opinion?                           Yes_____    No _X_

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                           Yes_____    No _X_

5           If you did, give the name of the court and the result:

6           _____

7           _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes _X_    No_____

10          [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18   I.     Name of Court: Superior Court of California Santa Clara County

19          Type of Proceeding: Habeas Corpus

20          Grounds raised (Be brief but specific):

21          a. California Code of Regulations §2402 is illegal , should be repealed
                unconstitutional
22          b. Board of Parole hearings failed the some evidence standard

23          c. Board's issuance of a 5 year denial was arbitrary and capricious

24          d._____

25          Result: rejected                    Date of Result: 6-22-07

26   II.    Name of Court: California Court of Appeals Sixth District

27          Type of Proceeding: Habeas Corpus

28          Grounds raised (Be brief but specific):    (same as above)

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1   a._____

2   b._____

3   c._____

4   d._____

5   Result: ____denied_____Date of Result: 9-11-07_____

6   III.   Name of Court: ___Supreme Court of California_____

7          Type of Proceeding: ___Habeas Corpus_____

8          Grounds raised (Be brief but specific): (same as above)

9          a._____

10         b._____

11         c._____

12         d._____

13         Result: __denied_____Date of Result: 4-16-08_____

14  IV.    Name of Court: _____

15         Type of Proceeding: _____

16         Grounds raised (Be brief but specific):

17         a._____

18         b._____

19         c._____

20         d._____

21         Result: _____Date of Result:_____

22  (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes _____    No _X_

24         Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26         State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: California Code of Regulations Title 15 Division 2 §2402 is illegal and must

6  be repealed, further, its usage is unconstitutional.

7      Supporting Facts: Board of Parole Hearings arbitrarily and capriciously denied Petitioner

8  his right to a parole date in his December 4, 2006 hearing without justification and did

9  not properly use the rules.

10  _____

11      Claim Two: Evidence of unsuitability must be based on relevant, reliable evidence, drawn

12  from specified factors showing current threat to public safety.

13      Supporting Facts: Board claimed that Petitioner's offense was exceptionally callous and

14  that multiple victims were attacked and that the offense was carried out in a dispassionate

15  manner and the motive for the crime was trivial in relation to the offense.

16  _____

17      Claim Three: The Board issuing a 5 year denial violated Petitioner's due process rights.

18  _____

19      Supporting Facts: The Board's explanation of why Petitioner is not suitable for release

20  is revealed as no more than the mouthing of conclusionary words. The reliable factual

21  underpinning that is constitutionally required cannot be shown on record, evidence for

22  the Board's decision must have some indica of reliability. Board failed to show evidence.

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    Greenholtz v. Nebraska 442 U.S. 1, Superintendent v. Hill 472 U.S. 445, In re Rosenkrantz 29

5    Cal 4th 616, 657, In re Dannenberg, 34 Cal.4th 1061, 1084, In re Scott, 133 Cal. App.4th 573,

6    591, Hayward v. Marshall 512 F.3d 536 , Jancsek v. Oregon Bd of Parole (9th Cir. 1987) 833 F.2d
     1389

7    Do you have an attorney for this petition?                    Yes_____    No $\times$

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on ___5/27/08_____              _Mr. David S. Bennett____

14                    Date                                        Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

Mr. David Shaun Bennett
E39886  CSATF
P.O. BOX 5242 B1-136up
Corcoran, California 93212-5242

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

## DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SHAUN BENNETT          ) | NO._____ |
|                             ) | |
|         Petitioner          ) | MEMORANDUM IN SUPPORT |
|                             ) | OF HABEAS CORPUS BY A |
| v.                          ) | PERSON IN STATE CUSTODY |
|                             ) | |
| KEN CLARK, Warden, et. al.  ) | 28 U.S.C. §2254 |
|                             ) | |
|         Respondent          ) | |
|                             ) | |
| _____) | |

### INTRODUCTION

Petitioner, David Shaun Bennett, comes before this Honorable Court in a matter addressing his initial Parole consideration hearing.

Petitioner was unconstitutionally denied parole suitability for which he had a constitutionally protected liberty interest. (Greenholtz v. Nebraska 442 U.S. 1) Petitioner's liberty interest was further violated by being given a multi-year denial of five years. The problems of this hearing were underscored by the use of illegal regulations that don't meet the necessary constitutional requirements for regulations and statuates.

### STANDARD OF REVIEW

28 U.S.C. §2254 (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved

1.

1  an unreasonable application of clearly established federal law as determined

2  by the Supreme Court of the United States; or (2) resulted in a decision

3  that was based on an unreasonable determination of the facts in light

4  of the evidence presented in State Court proceedings.

5      Where there is no reasoned decision from the States highest court,

6  the court looks through to the underlying appelate court decision. If

7  the dispositive court order does not "furnish a basis for its reasoning",

8  federal habeas courts must conduct an independent review of the record

9  to determine whether the State Court clearly erred in its application

10 or controlling federal law.

11                           STATEMENT OF FACTS

12     Instant offense involved Petitioner killing a victim whom he thought

13 was attempting to pull a gun. Petitioner fired a shot in panic as he

14 was trying to flee the scene withou himself being shot. After runing

15 a short distance from the original crime scene, Petitioner began to

16 walk slowly as he realized the possible consequences of his actions.

17 Shortly thereafter, Petitioner was contacted by police. Petitioner being

18 disturbed by his recent actions had made no attempts to get rid of the

19 weapon, assault the police, allude apprehension nor hide what he had

20 done. Upon contact with the police they were able to immediately recover

21 the weapon and Petitioner admitted his actions without hesitation.

22 Petititoner's statement to the police show that there was no specific

23 intent to kill the victim and he had immediate remorse for his actions.

24 Petitioner was approached by police about 30 minutes after the offense

25 while still on the same street with the weapon. When contacted by the

26 police Petitioner stated: "I did it man, I did it." "Take me to jail."

27 "She didn't die did she? I was very nervous."

28     Arresting officers stated that Petitioner made several inquiries

                                   2.

as to the status of the victim. During questioning Petitioner did not

seek to justify his actions nor lighten his burden but did show genuine

concern for the victim.

### INTRODUCTION TO ARGUMENT

All claims have been fully exhausted at the State Court level.

The respondent would like one to believe that in the parole context

inmates are only entitled to a process that does not require any factual

basis.

The state nor federal courts allow due process in the parole context

to be overcome without any evidence pointing toward the relevant over-

aching question of public saftey concerns. There must be sufficient

evidence to support the decision rendered, but, in no case has any court

accepted a standard less stringent that the "some evidence" standard

of Superintendent v. Hill 472 U.S. 445 (see IN re Rosencrantz, 29Cal

4th 616, 657 ["To impose a standard of review less stringent that the

"some evidence"... would permit the board to render a decision without

any basis in fact,... thereby depriving the prisoner of due process

of law."])

### CALIFORNIA CODE OF REGULATIONS TITLE 15 DIVISION 2 §2402 IS ILLEGAL AND MUST BE REPEALED, FURTHER, ITS USAGE IS UNCONSTITUTIONAL.

Section 2402 leaves the board too much latitude when it comes to

constitutional rights of parole applicants.

It allows the board to make decisions that are arbitrary and capricious

with no factual basis. Section 2402 (a) states in pertinent part [regardless

of the length of time served, a life prisoner shall be found unsuitable

for and denied parole if in the judgement of the panel the prisoner

will pose an unreasonable risk of danger to society if released from

prison].

1   While subsequent subdivisions offer some evidentuary suggestions

2 there is no firm requirement to prevent arbitrary decision making when

3 dealing with a person's fundamental rights herein. Both state and federal

4 constitutions require that for a law to be constitutional when it leaves

5 the hands of the legislature or congress, it must be so complete in

6 all its terms and provisions that it leaves nothing to the judgment

7 of administrative officials.

8   Petitioner's constitutional right in parole is protected by the

9 due process clause of the fifth and fourteenth amendments of the United

10 Stated Constitution. AN UNCONSTITUTIONAL LAW IS "NOT A LAW, IT CONFERS

11 NO RIGHTS, IT IMPOSSES NO DUTIES, IT AFFORDS NO PROTECTION AND CREATES

12 NO OFFICE; IT IS IN LEGAL CONTEMPLATION, AS INOPERATIVE AS THOUGH IT

13 HAD NEVER BEEN PASSED."

14   This is the current state of affairs with the regulation in question.

15 The board interprets the language of the regulation to give itself un-

16 fettered authority to decide the rights of prisoners.

17 EVIDENCE OF UNSUITABILITY MUST BE BASED ON RELEVANT, RELIABLE EVIDENCE,

18 DRAWN FROM SPECIFIED FACTORS SHOWING THE INMATE TO BE A CURRENT PUBLIC

19 SAFETY THREAT.

20   All relevant parole laws require that the over-aching question

21 used to deny parole be based on current threat to public safety. (see

22 In re Dannenberg, 34 Cal.4th 1061, 1084, In re Scott, 133 Cal.App.4th

23 573,591 and In re Lee, 143 Cal.App4th 1400, 1408). See also the Ninth

24 Circuit decision in Hayward v. Marshall 512 F.3d 536 No. 06-55392 filed

25 January 3, 2008, ["Even though these suitability and unsuitability factors

26 are helpful in analizing whether a prisoner ahould be granted parole,

27 California courts have made clear that the 'Findings that are necessary

28 to deem a prisoner unsuitable for parole' Irons, 2007 WL297359, at *3

4.

1 | are not that a particular factor or factors indicating unsuitability

2 | exists, but that a prisoner's release will unreasonably endanger public

3 | safety."]. There is no evidence in the record that this Petitioner would

4 | now pose a threat to public safety if released from prison.

5 |      Board's common catch phrases used to deny parole did not sastify

6 | the requirement that a nexus be made between the facts used and the

7 | decision made.

8 |      There is no evidence that Petitioner's offense was exceptionally

9 | callous in relation to other murders of the same degree. While all violent

10 | crimes, especially murder, display collousness, insensitivity and dis-

11 | regard for human suffering, the facts of Petitioner's offense does not

12 | make it exceptionally so. To the contrary, Petitioner's actions immediately

13 | following the offense would in fact serve as mitigating factors.

14 | THE BOARD ISSUING A FIVE YEAR DENIAL VIOLATED PETITIONER'S DUE PROCESS.

15 |      The state's parole statutes use mandatory language that gives rise

16 | to a constitutional protection under Greenholtz v. Nebraska...442 U.S.1

17 | (1979). Within that protection is that the applicant's next hearing

18 | will be held three years later, and up to five years for the most heineous

19 | crimes where the applicant has not programmed nor sought to rectify

20 | his past activities.

21 |      As admitted by the Board themselves, this was not the case with

22 | the Petitioner for the Board stated that Petitioner has been very busy

23 | since his incarceration and that he has made numerous gains in the way

24 | of self-help. As mentioned from the very begining, the Petitioner began

25 | to show signs of remorse for his actions including not attempting to

26 | evade capture though he had the oppertunity to do so. These actions

27 | of the Petitioner are very uncharacteristic for a crime of this nature.

28 | There are no factors of the offense of this Petitioner that would justify

1  denying parole for a period of five years.

2       The Board's explanation of why Petitioner is not suitable for release

3  from prison is revealed as no more than the mouthing of conclusionary

4  words. The reliable factual underpinning that is constitutionally required

5  cannot be shown here, for the evidence underlying the Board's decision

6  must have some indica of reliability. [See Jancsek v. Oregon Bd of Parole

7  (9th Cir. 1987) 833 F.2d 1389]. Thus evidence that is deemed unreliable

8  does not meet the some evidence standard. There is no evidence in the

9  record that multiple victims were attacked and this particular point

10  shows the Board's boiler-plate language rather than facts. Regulations

11  show guidelines as to what constitutes "especially callous" manner of

12  commitment offense and the Board has failed to bring forth any facts

13  as to how this offense fits the use of this language. The Board's simple

14  conclusion that the crime herein demonstrates an "especially callous"

15  manner or that it was carried out in a dispassionate manner can not be

16  seen as reasonable unless ALL murders fit into this catagory - which

17  is belied by the wording of the characterization itself. [See In re

18  Rosenkrantz 29 Cal.4th 616, 128 Cal.Rptr.2d 1104]. If the Board is correct,

19  Petitioner's life with the possibility of parole sentence is in effect

20  transmuted into one of life without the possibility of parole - the crime

21  itself will never change, and its description has little predictive value.

22  Arguably one may state that the next panel or two or three etc. down

23  the line may assess the unchangeable facts of the case differently. However,

24  this gives no substance to due process notions. This argument would

25  expressly hinge due process on the luck of the draw, that is, maybe (but

26  doubtfully) a panel will come along that will view the facts as not more

27  than minimally necessary to convict. Compelling due process to hinge

28  on such an arbitrary factor is no due process at all.

6.

1       All relevant, reliable information available to the panel shall

2   be considered in determining suitability for parole. The Board's determina-

3   tions must be based on reliable information. Evidence cited by the Board

4   must be relevant and probative to the factors that such evidence is being

5   used to support. (Superintendent v. Hill (1985) 472 U.S. 445, 105 S.Ct.

6   2768, 86 L.Ed2d 356 ). The Board has failed to show a nexus between its

7   finding and the Petitioner's <u>current</u> threat to public safety nor how

8   a five year denial is merited in this case. The commitment offense can

9   negate suitability only if circumstances of the crime reliably established

10  by the evidence in the record rationally indicate that the offender will

11  present an unreasonable public safety risk if released from prison.

12  CONCLUSION

13      Petitioner has not at any time denied the seriousness of his commitment

14  offense. Petitioner pled guilty to the crime of first degree murder.

15  There was nothing about Petitioner's offense that makes it more than

16  minimally necessary to commit the crime of first degree murder. The relevant

17  parole statutes that give rise to the constitutionally protected liberty

18  interest in parole state; Penal Code §3041 ( )... normally a parole

19  applicant (shall) be found suitable at the initial hearing (unless) there

20  are exceptional factors that render the applicant a current risk. Penal

21  Code §3041 (b)... at a parole consideration hearing, the Board "shall

22  set a release date unless it determines that the gravity of the current

23  convicted offense or offenses, or the timing and gravity of current or

24  past convicted offense or offenses is such that consideration of the

25  public safety require a more lengthy period of incarceration."

26      Parole applicants do not appear for their initial hearing until

27  one year before their minimum eligible parole date (MEPD) defined by

28  the prison's own regulations as "the earliest date on which an indeterminate

7.

1  sentence law or life prisoner may be released on parole."

2      Because applicants have the presumption that parole will normally

3  be granted, there must be evidence of, with an indica of reliability,

4  and a nexus made between that evidence and a current threat to public

5  safety.

6      The Board's regulations are invalid to the extent that they exceed

7  the scope of authority conveyed by state and federal statutes. **If those**

8  **regulations are determined to be valid they would be the boundaries that**

9  **confine or limit the Board's activities and any decision that exceeds**

10  **those regulations should be rendered void.**

11      For parole to be denied there must be some factors beyond the minimum

12  necessary to convict for that offense. In case parole is denied, the

13  next hearing (according to statute) is to be set for the next year. If,

14  however, the panel decides to give a longer denial than one year there

15  must be evidence indicating that not only is the applicant a current

16  threat to public safety but will remain so for that number of years.

17      The Board making arbitrary statements does not satisfy the evidentiary

18  requirement. Because the parole hearing is designed for term setting

19  it is not required that the applicant be released the next day. A term

20  is supposed to be set for some future date and the inmate informed what

21  he should do prior to that fixed date.

22      As the parole situation now stands, the Board using illegal and

23  unconstitutionally vague language of its regulations are now violating

24  the rights of perhaps 98% of eligable parole applicants in the State

25  of California.

26      If parole laws were enforced and applied according to the original

27  legislative intent, parole applicants would be found suitable at their

28  initial hearing, a term would be fixed for the appropriate number of years

8.

1 | years into the future, and the applicant would be given periodic progress

2 | hearings with set goals that the prisoner should attain prior to that

3 | date. The term could be advanced or delayed depending on the inmate's

4 | behavior.

5 | PRAYER FOR RELIEF

6 | WHEREFORE, Petitioner prays this Court to do the following:

7 | 1.    Issue a writ of habeas corpus or order to show cause to the Warden

8 | and the Board of Parole Hearings to inquire into the legality of the

9 | Petitioner's incarceration;

10 | 2.    Order the Board to set a release date commensurate with the matrix

11 | defined for the circumstances of Petitioner's offense, or alternatively,

12 | order the Board to hold a new parole hearing wihtin fourty five (45)

13 | days, and if no new information is presented that establishes that

14 | Petitioner poses a current unreasonable threat to public safety, to find

15 | Petitioner suitable for parole and set a release date;

16 | 3.    Conduct an evidentiary hearing if necessary to resolve any disputed

17 | factual issues set forth herein, and after the hearing, issue an order

18 | directing the Board to act as set forth in paragraph 2, above;

19 | 4.    Allow Petitioner the opportunity to orally argue in support of

20 | petition;

21 | 5.    Grant such other and further relief as justice may require.

22 |

23 | DATED: 5/27/08                              Respectfully Submitted,

24 |

25 |

26 |

27 |

28 |

9.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____David Shaun Bennett_____, declare:

I am over 18 years of age and a party to this action. I am a resident of __California Substance Abuse__

__Treatment Facility/Prison_____Prison,

in the county of _____Kings_____,

State of California. My prison address is: __900 Quebec Avenue, P.O. Box 5242  B1-136up_____,

__Corcoran, California  93212-5242_____.

On_____,
(DATE)

I served the attached: __Application for writ of Habeas Corpus for a person in state custody._____

_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

FROM: David Shaun Bennett
E39886  CSATF
P.O. Box 5242  B1-136up
Corcoran, California 93212-5242

TO: Clerk of the United States District Court
for the Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco, California 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __5/27/08_____          ____David S. Bennett_____
           (DATE)                                           (DECLARANT'S SIGNATURE)

$01.85⁰
02.1M
0004249869
MAILED FROM ZIP CODE 93212

RECEIVED

MAY 2 0 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TO: Clerk of the United States District
Court for the Northern District of
California
450 Golden Gate Avenue, Box 36060
San Francisco, California 94102

FROM: David Shaun Bennett
E39886  CSATF
P.O. Box 5242 B1-136up
Corcoran, California 92121-5242

Legal Materials

Legal Materials